

CV 06 2697

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY   :
COMMISSION,                    :   Civil Action No.
                               :
            Plaintiff,         :   ROSS, J.
                               :
    -against-                  :   COMPLAINT
                               :
E. GLUCK CORPORATION,          :   REYES, M.J
                               :   JURY TRIAL DEMAND
                               :
            Defendant.         :
-----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
* MAY 31 2006 *
BROOKLYN OFFICE

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Maria Kellar and other similarly situated employees who were adversely affected by such unlawful practices. As alleged with greater specificity below in paragraph seven (7) below, the Equal Employment Opportunity Commission ("Plaintiff" or "Commission") charges that defendant E. Gluck Corporation ("Defendant") discriminated against Ms. Kellar and other similarly situated female employees because of their sex by subjecting them to sexual harassment, and terminating Ms. Kellar because of her pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a company doing business in the State of New York and the city of Long Island City, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Maria Kellar filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February 19, 2004, Defendant engaged in the following unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2:

    a. Defendant subjected Maria Kellar and other similarly situated female employees to sex harassment, including, but not limited to, repeated unwelcome sex-based comments made by its Senior Vice President of Sales. The comments include, but are not limited to, commenting on a

        female employee's femininity, beauty and "lovely presence," telling a female employee how good she looked and how pretty she was, telling a female employee that she should sit on his lap, and on a business trip, offering to go to a female employee's hotel room to help her get undressed.

    b.    Defendant terminated Ms. Kellar the day after she disclosed that she was pregnant, despite Ms. Kellar's satisfactory performance of her duties.

8.    The effect of the practices complained of above has been to deprive Maria Kellar and other similarly situated female employees of equal employment opportunities and to otherwise adversely affect their status as employees because of their sex.

9.    The unlawful employment practices complained of above were and are intentional.

10.    The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Maria Kellar and other similarly situated employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of sex.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of

Defendant's past and present unlawful employment practices.

C. Order Defendant to make whole Maria Kellar and other similarly situated employees by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

D. Order Defendant to make whole Maria Kellar and other similarly situated employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make whole Maria Kellar and other similarly situated employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including pain, suffering and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Maria Kellar and other similarly situated employees punitive damages for Defendant's malicious and reckless conduct in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

*[signature]*
Elizabeth Grossman
Regional Attorney

*[signature]*
Lisa D. Sirkin
Supervisory Trial Attorney

Estela Díaz
Trial Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, N.Y. 10004
(212) 336-3693
(212) 336-3623 (facsimile)